HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEAN A. SCHRADER and BARBARA L. SCHRADER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, WASHINGTON,<br><br>Defendant. | Case No. C09-5255RBL<br><br>ORDER |

THIS MATTER comes before the above-entitled Court upon Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted [Dkt. #12]. The Court has reviewed the materials submitted for and against said motion and reviewed the case law cited by the parties. Oral argument is not necessary in order to resolve the issue presented in this motion. For the following reasons, the Motion to Dismiss is **GRANTED** and the action is **DISMISSED.**

**I.      Standard of Review Under Fed. R. Civ. P. 12(b)(6).**

Fed. R. Civ. P. 12(b)(6) requires that a complaint be dismissed if it fails to state a claim upon which relief may be granted. While a complaint attached by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, *Weber v. Dept. of Veteran Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). At a minimum, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. *Weber* at 1065.

## II.  Factual Allegations Contained in Complaint for Damages.

The allegations in the Complaint are simple and straightforward. The plaintiffs claim that they owned property in Clark County consisting of twenty (20) acres. The property was zoned R-5 which prohibited divisions of the property below an average of five acres in size. Plaintiffs' applied for a cluster subdivision of their property which was approved for four lots with an average density of five acres per lot. Although the average size of the four lots (building sites) was five acres, one lot was considerably larger than the others. It measured 14.10 acres.

Plaintiffs decided to sell the larger parcel and did so on March 10, 2005. One year later, the purchasers of that lot applied to subdivide their lot into two lots. That application was granted and the plat was recorded on August 9, 2006. Plaintiffs allege that had they known they could divide the lot further they could have sold the 14.10 acre site as one or two sites for a minimum of $200,000 more than they actually received. They claim their right to Equal Protection under the United States and Washington State Constitutions has been trampled and they pray for redress of their grievance.

## III.  Applicable Law.

Plaintiffs pursue this case as a "class of one," where they assert that they have been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. They rely on *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073 (2000) ("Village"). In that case, the Village first conditioned the connection of the Olechs with the municipal water supply to the Olechs granting the Village a 33-foot easement. Other property owners were required to provide a 15-foot

easement. Although the Village ultimately relented and agreed to the 15-foot easement, the Olechs sued claiming that they were treated differently by the Village due to a prior successful lawsuit against the Village and the animus created as a result. The trial judge granted the Village's Motion to Dismiss but the Seventh Circuit reversed and the Supreme Court affirmed.

In concurring with the majority decision, Justice Breyer responded to the concern that the Equal Protection Clause, as interpreted in Village, would transform many ordinary violations of City or State law into violations of the Constitution. Justice Breyer singled out zoning decisions for consideration saying:

> "Zoning decisions, for example, will often, perhaps almost always, treat one landowner differently from another, and one might claim that, when a city's zoning authority takes an action that fails to conform to a city zoning regulation, it lacks a "rational basis" for its action (at least if the regulation in question is reasonably clear).

528 U.S. 562, 565.

Justice Breyer differentiated the facts/allegations in Village from those in the typical zoning decision by noting the extra factor of "illegitimate animus" or "ill will" that was alleged in Village and was sufficient to minimize any concern about transforming run-of-the-mill zoning cases into cases of constitutional right.

In this case, the Schraders seek just what Justice Breyer sought to avoid. Without alleging any animus or ill will on the part of any County official, they seek to convert a run-of-the-mill zoning decision into a case of constitutional right. Absent a claim of vindictiveness or ill will, the complaint here cannot support an equal protection claim under the "class of one" theory. Moreover, there is nothing in the Complaint to suggest that the application of the R-5 zoning ordinance to the Schraders or to the Riggios was in any way improper. The Schraders received what they asked for when their property was subdivided with an <u>average</u> density of one lot per five acres (4 lots totaling 20 acres). The large lot sold to Riggios (14.10 acres) was sufficient in size to again be partitioned under the applicable zoning ordinance. Although the ultimate result was that five lots were created on the formerly 20 acre parcel, it does not appear to the literal reader that the zoning ordinance was misapplied or misunderstood. Whether the decision to subdivide the Riggio property was a correct

application of the zoning ordinance, or not, is not the point. The fact is that there is no allegation in the Complaint that the Schraders were singled out for disparate treatment or that any disparity in treatment was the result of animus or ill-will. That missing factor is fatal to their claim.

Plaintiffs do not appear to have suffered any injury caused by any improper conduct of the defendant. Plaintiffs do not allege that they were denied any relief requested in their subdivision request. That they configured their parcels so that a subsequent purchaser of the property could further subdivide the property to create an additional building site under the R-5 zoning classification does not translate into actionable harm to the plaintiff.

Defendant's Motion to Dismiss [Dkt. #12] is **GRANTED** and the case is **DISMISSED WITH PREJUDICE.**

Dated this 30th day of December, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE